LING LING ZHENG, Petitioner,

v.

Michael B. MUKASEY,* United States Attorney General, Respondent.

No. 07–0326–ag.

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

Benjamin B. Xue, Law Offices of Benjamin B. Xue, P.C., New York, N.Y., for Petitioner.

Lisa Arnold, for Peter D. Keisler, Assistant Attorney General, Civil Division (Song E. Park, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Ling Ling Zheng ("Zheng"), a native and citizen of the People's Republic of China, seeks review of the order of the BIA affirming and fully adopting the decision of Immigration Judge ("IJ") Paul A. DeFonzo, which denied her applications for political asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

We review a BIA order that affirms and fully adopts the decision of the IJ under

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

the substantial evidence standard, such that we will not disturb a factual finding of the IJ "if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (internal quotation marks omitted). We overturn the IJ's factual determinations "only if 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Diallo v. Gonzales,* 445 F.3d 624, 628 (2d Cir.2006) (quoting 8 U.S.C. § 1252(b)(4)(B)).

■ Upon review of the record, we conclude that substantial evidence supported the IJ's conclusion that Zheng did not suffer past persecution. There is no indication in the record that Zheng's required appearance at sonogram-type examinations rose to the level of past persecution as contemplated by the Immigration and Nationality Act ("INA"). *See Wu Zheng Huang v. INS,* 436 F.3d 89, 94–95 (2d Cir.2006); *Damko v. INS,* 430 F.3d 626, 636–37 (2d Cir.2005) (stating that "persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional" (quoting *Fatin v. INS,* 12 F.3d 1233, 1240 (3d Cir.1993))).

■ We further conclude that substantial evidence supported the IJ's determination that Zheng did not have a well-founded fear of persecution entitling her to asylum. The IJ found that, notwithstanding her mother's forcible sterilization, the fact that Zheng had no children and was neither married nor pregnant at the time of her application for asylum undercuts any claim that her fear of such treatment was objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (noting that to establish well-founded fear, alien must "present credible testimony that he subjectively fears persecution and [must] establish that

his fear is objectively reasonable"). In view of the applicable standard of review, we are constrained to defer to this conclusion.

Moreover, Zheng is not entitled to the presumption of asylum eligibility granted by section 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") for applicants who establish a "well founded fear that [they] will be forced to undergo [a forcible sterilization or abortion] or subject to persecution for such failure, refusal, or resistance." IIRIRA § 601(a)(1), Pub.L. No. 104–208, 110 Stat. at 3009–689 (amending 8 U.S.C. § 1101(a)(42)). Substantial evidence supported the IJ's finding that Zheng was never specifically threatened with such a procedure, despite her mother's experience. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 306 (2d Cir.2007) (opining that Congress intended "to limit the application" of section 601(a) "to individuals who are themselves physically forced to undergo an abortion or sterilization").

Substantial evidence also supported the IJ's determination that Zheng was not entitled to withholding of removal, as Zheng did not meet the higher burden of establishing a "clear probability" that her life or freedom would be threatened on account of a protected ground upon her removal to China. *INS v. Stevic,* 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) (stating "clear probability of persecution" standard for withholding of deportation claims); *see also* 8 U.S.C. § 1231(b)(3)(A).

Finally, we conclude that the IJ's determination that Zheng was not entitled to relief under the CAT was supported by substantial evidence. Zheng's fears of being subject to forcible sterilization or abortions, inhumane prison conditions, and economic sanctions upon her return to China do not prove that it is "more likely than

not" that she will be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2); *see also Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159 (2d Cir.2005) (describing burden of proof for establishing eligibility for CAT relief).

For the foregoing reasons, this petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.